# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41230
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ABEL CADENA-MARTINEZ,

    Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-876-21

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Abel Cadena-Martinez pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine in count one of a superseding indictment. He was sentenced to 240 months in prison. On appeal, he argues that the district court committed reversible error by denying his right to his counsel of choice. An element of the Sixth Amendment right to counsel "is the right of a defendant who does not require appointed counsel to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). This "Sixth Amendment right to counsel of choice . . . commands . . . that the accused be defended by the counsel he believes to be best." *Id.* at 146. The right to counsel is not absolute, however, and a court retains wide latitude in balancing that right against the needs of fairness and the demands of its calendar. *Id.* at 151–52; *United States v. Jones*, 733 F.3d 574, 586 (5th Cir. 2013).

There is no evidence in the record to suggest that Cadena-Martinez did not require the appointment of counsel. He simply stated at the time of his request for a continuance of trial that his family was willing to retain private counsel, not that they had done so. Cadena-Martinez asserts that the district court should have considered, or conducted a hearing, into his ability to retain counsel due to financial misinformation Cadena-Martinez's family may have received regarding retaining counsel. Contrary to Cadena-Martinez's argument, the record shows that the district court considered all the information, including the alleged misinformation regarding payment of fees, presented at the bench conference in this matter. The district court did not end the matter because Cadena-Martinez was without the resources to retain counsel but specifically considered the possibility that his family had the financial means to retain counsel.

The district court also considered the *Gonzalez-Lopez* factors in determining whether to grant the continuance to retain counsel. The record reflects that the request to retain counsel and for a continuance was filed after jury selection had been completed. The district court noted the late request and the obstructive effect that it might have on the administration of justice. *See McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985). Defense counsel was appointed early in the case, and the district court noted that

No. 17-41230

Cadena-Martinez had contemplated retaining counsel earlier. The district court's refusal to continue the case to permit Cadena-Martinez to attempt to retain private counsel was within the court's wide latitude in balancing the right to counsel of choice against the needs and fairness of scheduling. *See Gonzalez-Lopez*, 548 U.S. at 152; *Jones*, 733 F.3d at 586.

Cadena-Martinez argues that his appointed trial counsel was ineffective for representing that his family would have to pay the fees of appointed counsel to retain counsel. Cadena-Martinez did not present this claim of ineffective assistance in the district court. We decline to reach this claim on direct appeal without prejudice to Cadena-Martinez's right to raise his claim on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

AFFIRMED.